**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT BLUE,  )
    #1034439  )
  )
  Plaintiff,  )  3:11-cv-00010-ECR-VPC
  )
vs.  )
  )  **ORDER**
HOWARD SKOLNIK, *et al.*,  )
  )
  Defendants.  )
  /

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On February 17, 2011, the court dismissed certain claims and allowed several of plaintiff's First and Eighth Amendment claims to proceed (docket #3). Before the court is plaintiff's motion for district judge to reconsider Screening Order (docket #5).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the Screening Order, the court analyzes several claims related to alleged denial of a kosher diet under the First Amendment (docket #3). In his motion, plaintiff argues that he also brought these claims pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5 (2000) (docket #5). Section 3 of RLUIPA provides that "[no] [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling

governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a); *see also Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008); *Alvarez v. Hill*, 518 F.3d 1152, 1156-57 (9th Cir. 2008).

Good cause appearing, plaintiff's motion for district judge to reconsider Screening Order (docket #5) is granted in part.  Accordingly, the court clarifies that all First Amendment claims that were allowed to proceed pursuant to the court's Screening Order are also brought pursuant to RLUIPA.  Defendants shall respond to these claims on both bases.

The court has reviewed plaintiff's remaining arguments in his motion to reconsider and finds them to be meritless.  Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that any other aspect of this court's Screening Order should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider Screening Order (docket #5) is **GRANTED IN PART**.  All First Amendment claims that were allowed to proceed pursuant to the court's Screening Order are also allowed to proceed pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5 (2000).  The remainder of plaintiff's motion for district judge to reconsider Screening Order is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for extension of time to file responsive pleading (docket #11) is **GRANTED**.  Defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of entry of this Order.

Dated this 3rd day of May, 2011.

Edward C. Reed
UNITED STATES DISTRICT JUDGE