UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BLUE, | 3:11-cv-00010-LRH-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **OF U.S. MAGISTRATE JUDGE** |
| HOWARD SKOLNIK, *et al.*, | |
| Defendants. | September 3, 2013 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a temporary restraining order and preliminary injunctive relief (#s 114 & 115).[1] Defendants opposed (#121), and plaintiff replied (#124). The court has thoroughly reviewed the record and recommends that plaintiff's motion for a temporary restraining order and preliminary injunctive relief be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Robert Blue ("plaintiff"), a *pro se* inmate, is currently incarcerated at Lovelock Correctional Center ("LCC") in the custody of the Nevada Department of Corrections ("NDOC") (#4). On February 17, 2011, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights under the First and Eighth Amendments and his statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id*. The court screened the complaint pursuant to 28 U.S.C. § 1915A, and permitted

---

[1] Refers to the court's docket numbers. Plaintiff's motion was docketed as two motions.

-1-

the following claims to proceed: (1) First Amendment free exercise and RLUIPA claims against several prison personnel and NDOC administrators (counts I, III, and VII); (2) Eighth Amendment cruel and unusual punishment claims against several prison personnel and NDOC administrators (count II, IV, VIII); and (3) First Amendment free exercise, RLUIPA and Eighth Amendment cruel and unusual punishment claims against defendant former NDOC Director Skolnik (counts IX and X) (#3; #12, p. 3).

Plaintiff alleges that he is a practicing Orthodox Jew and requires a kashrut compliant kosher diet (#4, p. 13).[2] Plaintiff alleges that defendants deprived him of kosher nourishment for multiple and prolonged periods of time, even though he has consistently refused all non-kosher food. *Id.*

Recently, on August 21, 2013, this court recommended that defendants' motion for summary judgment (#89) be granted only as to plaintiff's claims in counts IX and X against former NDOC Director Skolnik and his claims under RLUIPA for monetary damages (#123, pp. 19-20).[3] However, this court recommended that defendants' motion for summary judgment be denied as to plaintiff's main claims that defendants deprived him of a kosher diet for several prolonged periods of time, even though he has consistently refused all non-kosher food, in violation of his First and Eighth Amendment rights as well as his rights under RLUIPA. *Id.* This recommendation is pending before the district court.

Prior to the court's recommendation, on July 12, 2013, plaintiff filed a motion for a temporary restraining order and preliminary injunctive relief (#s 114 & 115). In this motion, plaintiff alleges that defendants notified him on June 27, 2013 that, effective July 26, 2013, he would

---

[2] "Jews following kashrut may only eat animals with split hooves and that chew their cud and certain fowl and fish with scales and fins. Dairy products and meat are not allowed to be consumed in the same meal. It is customary to wait at least six hours after consuming meat to eat dairy and at least one hour after drinking milk to eat meat. Fruits, vegetables and some cereals qualify as kosher. Kosher food must remain physically separate from non-kosher food, as must utensils and plates. Disposable utensils satisfy kosher requirements." *Ashelman v. Wawrzaszek*, 111 F.3d 674, 675 n.2 (9th Cir. 1997); *see also Resnick v. Adams*, 348 F.3d 763, 765 n.1 (9th Cir. 2003).

[3] This court also recommended that all claims against defendants in their official capacities be dismissed (#123, p. 20).

receive the new Common Fare Menu ("CFM")[4] in place of the kosher meals that he had been served for approximately the last four years. *Id*. at 2. Plaintiff seeks to enjoin defendants from changing his diet to the CFM. He contends that the CFM is not kashrut-compliant and is not nutritionally sufficient. He also asserts that soy protein makes up a substantial portion of the CFM and that he has a serious, life-threatening soy allergy. *Id*.

Defendants oppose plaintiff's motion for a temporary restraining order and preliminary injunctive relief on the grounds that: (1) plaintiff's complaint does not allege that the CFM is not kosher-compliant or nutritionally insufficient, and the complaint does not allege any medical issues relating to the consumption of the CFM; (2) plaintiff has not grieved his transition to the CFM as required by the Prisoner Litigation Reform Act ("PLRA"); (3) the CFM has been certified as kashrut-compliant by Scroll K, a nationally recognized kashrut-certifying organization, and Scroll K monitors the daily preparation of the CFM; and (4) the CFM has been approved by a registered dietician as nutritionally sufficient (#121, pp. 2-3).

## II. DISCUSSION & ANALYSIS

### A. Legal Standards

The court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[4] As discussed in the court's recommendation that defendants' motion for summary judgment be granted in part and denied in part, in February 2012, NDOC began to implement the CFM in place of the Current Kosher Menu ("CKM") in some institutions. (#123, p. 5). NDOC Chief of Purchasing and Inmate Services, Dawn Rosenberg, states that national kashrut-certifying institution Scroll K has certified the NDOC common fare kitchens, which prepare the CFM, as kosher. (#121, exhibit B, p. 2). Scroll K monitors and inspects the kitchens on an ongoing basis. Rosenberg states that a registered dietician has determined that the CFM meets or exceeds the prisoners' minimum dietary requirements, as established by the Food and nutrition Board Institute of Medicine, National Academies. *Id*. at pp. 2-3. The CFM costs about half as much per inmate per day as the CKM. (#123, p. 5).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See*

*Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B.     Analysis**

The court finds that plaintiff seeks to enjoin conduct that is unrelated to his underlying lawsuit. The United States Supreme Court has found that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where

motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Courts use injunctive relief to address issues related to the underlying violations alleged in the complaint. At the time plaintiff filed his motion for a preliminary injunction, the remaining issues in this lawsuit were whether certain defendants deprived plaintiff of a kosher diet for several prolonged periods of time, even though he has consistently refused all non-kosher food, in violation of his First and Eighth Amendment rights and his rights under RLUIPA. However, in plaintiff's motion for a preliminary injunction, he attempts to advance the entirely new claims that defendants are now violating his First and Eighth Amendment and RLUIPA rights by serving him the new CFM, which he contends is not kashrut-compliant, is nutritionally insufficient, and is substantially comprised of soy protein to which he has a serious allergy (#s 114 & 115, pp. 8-18).

The court finds that the factual allegations in plaintiff's motion for a preliminary injunction are distinct from the factual allegations in plaintiff's complaint, and therefore, the court lacks jurisdiction to resolve plaintiff's motion. New, unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, by filing a new action.[5] Accordingly, the court recommends that plaintiff's motion for a temporary restraining order and preliminary injunctive relief (#s 114 & 115) be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the allegations in plaintiff's motion for a temporary restraining order and preliminary injunctive relief (#s 114 &

---

[5] The court notes that in his reply in support of his motion, plaintiff argues that he has in fact exhausted his administrative remedies and points to a grievance he filed in December 2010, prior to filing his complaint in this action. (#124, pp. 7-9) However, as discussed above, the claims in plaintiff's motion for preliminary injunctive relief are different than the claims in his complaint and he must first pursue relief on his new claims by using the prison grievance system. Plaintiff's previous grievances related to kosher meals do not serve to exhaust his administrative remedies as to his new claims regarding the new menu.

115) are distinct from the allegations in plaintiff's complaint (#4). Therefore, the court recommends that plaintiff's motion be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a temporary restraining order and preliminary injunctive relief (#s 114 & 115) be **DENIED**.

**DATED:** September 3, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**